UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMIE GRAY,

    Plaintiff,

v.                                            Case No. 07-C-497

MR. MCCORMICK and JODINE DEPPISCH,

    Defendants.

**ORDER**

In the absence of mutual consent of the parties to the jurisdiction of a magistrate judge, this case was randomly reassigned to this court. Upon review of the complaint, I conclude that the matter must be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)[1].

As noted in the initial screening order, plaintiff claims a defective shower seat fell off while he was sitting on it. The seat cut his left foot and caused it to bleed. Plaintiff further alleges that a work order had been put in to fix the seat two weeks earlier and that the defendants were aware it was in need of repair. Nevertheless, no signs were posted warning of its faulty condition. Plaintiff claims Defendant McCormick, the building and grounds supervisor, was deliberately indifferent to the risk that an inmate would severely hurt himself. He further claims that the Warden, Jodine Deppisch, was negligent.

---

[1]Though the case has already been screened by the magistrate judge, a court to whom a case is reassigned always maintains an obligation to control its docket and, if required, readdress earlier rulings. Moreover, 28 U.S.C. § 1915(e)(1) provides that the court "shall dismiss the case at any time" if the complaint fails to state a claim on which relief may be granted.

Generally speaking, an accident resulting from an unsafe condition on another's property will constitute a textbook case of negligence. The plaintiff would allege that the defendants, having a duty of care towards the plaintiff, breached that duty by failing to cure what they knew or should have known to be a dangerous condition. When the defendant is a state actor, however, the temptation exists to allege that the defendant was not just negligent but in violation of the Constitution. Such a claim, brought under § 1983, requires a much higher showing than mere negligence, however. To successfully make out a § 1983 claim, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir. 2004). In short, negligence is not enough. *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (rejecting inmate's due process claim after inmate fell on stairs due to the presence of a pillow left there by jail staff). When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether the plaintiff's exposure to that condition would "offend contemporary standards of decency." *Christopher,* 384 F.3d at 882.

The complaint in this case does not sufficiently allege deliberate indifference. Taken at face value, as it must be at this stage, the complaint alleges that McCormick knew about a work order to fix a shower seat. He failed to do so and the plaintiff was injured. Exposure to a faulty shower seat does not offend contemporary standards of decency or evidence a defendant's knowledge of an excessive risk of injury. In *Christopher,* for example, the Seventh Circuit rejected an inmate's

2

claim of deliberate indifference when he alleged that the conditions on the prison's softball field were dangerous. *Id.* The inmate alleged that a "lip" on the field, which had previously resulted in injury to another inmate, caused a ball to bounce up into his face and injure him. The court found that even if the defendants knew the lip was inherently dangerous, exposure to that condition did not amount to deliberate indifference. The court contrasted exposure to other dangerous conditions – such as excessive cigarette smoke, violent other inmates, dangerous machinery, and raw sewerage – and concluded that exposure to a dangerous softball field did not offend contemporary standards of decency. *Id.*

Like a dangerous softball field, exposure to a faulty shower seat does not rise to the level of deliberate indifference. It would be different if the danger were more obvious, perhaps involving a hole in the floor, exposed electrical wires, or tainted food. In such a case, one could reasonably allege that the defendant, knowing of the dangerous condition, disregarded an "excessive risk" of injury. But according to the complaint, the shower seat had functioned in weakened condition for at least two weeks prior to the plaintiff's injury. Plaintiff was simply the unlucky one in the wrong place at the time the shower seat finally gave way. Under the facts alleged in the complaint, exposure to a condition made dangerous due to deferred or delayed maintenance does not suffice to state a claim that the prison's building and grounds supervisor disregarded an objectively serious risk to the plaintiff's safety. In other words, the lingering maintenance issue suggested in the complaint does not rise to the level of dangerousness that would allow a factfinder to conclude either that there was an objectively serious risk of harm or that the defendant possessed the culpable mental state. Instead, plaintiff states a classic claim for negligence, which he is free to allege in state court. But because the complaint fails to allege a violation of the Eighth Amendment, it is

3

**ORDERED** that the complaint is **DISMISSED** for failure to state a claim. The clerk of court is to document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Dated this  13th  day of September, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
